UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONOVON N. LEE, :
:
    Plaintiff : CIVIL ACTION NO. 3:CV-14-2067
:
v. : (Judge Nealon)
:
FRANKLIN COUNTY JAIL, ET AL., :
:
    Defendants :

### MEMORANDUM

### Background

    Plaintiff, Donovon N. Lee, an inmate confined in the Franklin County Prison, Pennsylvania, filed this pro se consolidated civil rights action pursuant to 42 U.S.C. § 1983.[1] Along with the filing of his complaint, he has submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 5.) Named as Defendants are the Franklin County Jail and Prime Care Medical, Inc. For the reasons set forth below, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff will be given an opportunity to file an amended complaint.[2]

---

    [1] Lee v. Prime Care Medical, et al., Civil Action No. 3:CV-14-2130 (M.D. Pa.) was previously consolidated into the above action. (See Docs. 8, 9.)

    [2] Section 1915(e)(2) provides that:

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Plaintiff states that while in a holding cell at the Franklin County Courthouse, he was assaulted by another inmate. (Doc. 1, Compl. at 2.) Following his return to

---

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

the Franklin County Jail, he claims that he submitted multiple sick call requests that were ignored, causing him to endure unnecessary pain and suffering. Plaintiff also claims that sick call slips submitted on other occasions were ignored. He specifically references the following dates: October 15, 2014 for rib pain; October 18, 2014 for a vision test; and October 21, 2014 for back and hip pain. (Id. at 3.) As relief, Plaintiff requests monetary damages for pain and suffering and emotional distress. He would also like Defendants held responsible for any and all of his medical expenses.

## Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). A § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Furthermore, a prison or correctional facility is not a "person" within the

3

meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997)(Rambo, C.J.); Sponsler v. Berks County Prison, 1995 WL 92370, *1 (E.D. Pa. Feb. 28, 1995). See also Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977)(holding that the parole board could not be sued because it is not a person within the meaning of § 1983). It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." Fischer, 474 F.2d at 992; see also Thompkins v. Jane Doe, No. 99-3941, slip op. at 2-3 (3d Cir. March 16, 2000); Stanley v. Delaware Co. Medical Dept., 1991 WL 29928, *1 (E.D. Pa. Feb. 27, 1991)(finding that a prison medical department clearly is not a person for purposes of § 1983).

Pursuant to the above standards, the Franklin County Jail and Prime Care Medical Inc. are not persons and may not be sued under § 1983. Thus, Plaintiff has failed to allege that a person acting under color of state law violated his constitutional rights, and has, therefore, failed to set forth a cognizable claim under 42 U.S.C. § 1983. See Ellman v. Prime Care, Inc., et al., Civ. No. 14-0799, slip op. at p. 2 (M.D. Pa. June 10, 2014)(Nealon, J.); Burgess v. SCI-Medical Facility, Civ. No. 96-0636, slip op. at p. 2 (M.D. Pa. May 9, 1996)(Vanaskie, J.). Consequently, these Defendants

will be dismissed.

In the context of medical care, while the relevant inquiry is whether the defendants were: (1) deliberately indifferent (the subjective element) to (2) the plaintiff's serious medical needs (the objective element), <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987), the plaintiff must meet the requirements of the inquiry. Here, Plaintiff has failed to specifically identify a named Defendant and indicate how such Defendant was deliberately indifferent to his medical needs.

But, in light of "the liberal policy favoring amendment of complaints as expressed in Rule 15(a)" and the policy that a <u>pro se</u> litigant's civil rights claim, "where possible, should be decided on the merits," Plaintiff will be allowed to amend his complaint. <u>See</u> <u>Weaver v. Wilcox</u>, 650 F.2d 22, 27-28 (3d Cir. 1981); <u>Kauffman v. Moss</u>, 420 F.2d 1270, 1275-76 (3d Cir.), <u>cert. denied</u>, 400 U.S. 846 (1970); Fed. R. Civ. P.15. If no proper amended complaint is filed within the prescribed time, this action may be dismissed.

The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 185, 1198 (M.D. Pa. 1992)(Conaboy, J.). Federal Rule of

Civil Procedure 8(a) requires that a complaint consist of a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. The short, plain, and concise statement of claims must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'." Leatherman v. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A separate Order will be issued.

Dated:   May 21, 2015                         /s/ William J. Nealon
                                              **United States District Judge**